COUNTY OF PENOBSCOT *vs.* CITY OF BANGOR.

Penobscot.    Opinion January 23, 1880.

*Jury and attending officer—expenses of.*

The county of Penobscot, and not the city of Bangor, should bear the expenses of a jury and attending officer, when a jury is summoned by county commissioners to determine the damages sustained by land owners from flowage caused by the dam across Penobscot river erected by the city for its water works. ·

FACTS AGREED.

Petition of the county attorney of Penobscot county, for and in behalf of said county alleging that, in the year 1877, a large number of petitions, (most of them by the city of Bangor, a few by the land owners) were presented to the county commissioners of said county, pursuant to c. 168, special laws of 1875, as amended by c. 260, special laws of 1876, praying said commissioners to determine the damage, if any, which the land owners had suffered by flowage or otherwise, in consequence of the dam which Bangor had before that time built across the Penobscot river between that city and Brewer. The commissioners notified and heard the parties, and adjudicated upon the several cases. Certain of these land owners claimed to be aggrieved by the commissioners' estimate of their damages, and, within the time allowed by law, severally petitioned the commissioners for redress. Thereupon a jury was duly summoned, a person appointed to preside, and, by consent of parties, after notice and view of the premises, the parties in a certain number of the cases were fully heard at Bangor, in September and October, A. D. 1878, by this one jury. The jury agreed upon and rendered verdicts in all said cases, giving damages to the land owners against Bangor, and endorsed and delivered their verdicts to the officer having charge of them, and he returned all said verdicts to the supreme judicial court at Bangor, at the next term thereof, to wit: some of them to the October term, 1878, and the rest to the January term next following, stating in his return upon the warrant for the jury, his own travel and attendance, and that of each juror. The jury were paid November 8,

1878, the sum of $415.96 ; and the officer, for his services under said warrant and at the trials before said jury, was paid, November 4, 1878, the sum of $108.80, out of the county treasury, upon an order of said supreme judicial court on said warrant. Said supreme judicial court, at the two terms aforesaid, received said verdicts and the reports and certificates of the person appointed to preside at the views and hearings, and in twelve of the cases confirmed said verdicts.

In two cases, the verdicts were received, but not confirmed, and are still pending in said supreme judicial court. Certain other cases were marked "law" and are also now pending.

The clerk of said supreme judicial court, in all cases where the verdict was confirmed and no motions filed to set them aside, certified said verdicts with the final adjudication of the court thereon, to said commissioners at their next meeting after such adjudication, and the commissioners have recorded the same. That the supreme judicial court, their attention not being called to the matter, did not apportion among these cases, in whole or in part, the expenses of the jury or the attending officer, or in any manner tax or allow said expenses in the costs in said cases, nor has the clerk, in his certificates to the commissioners in these cases or any of them, included as a part of the costs or in any manner whatever in writing, made mention to the commissioners of the costs of the jury and attending officer. That to the end that the county may not lose what it has paid the jury and attending officer, the petition prays the court to equitably apportion the same among the several cases heard by the jury and tax and allow the same in the costs ; and that the clerk of the court be directed to amend his said certificate in these cases to the commissioners accordingly, in the matter of costs, or make and transmit new and corrected ones to the commissioners, and that the court will make such other and further orders and decrees in the premises, and give the county such other and further relief as may seem to them meet.

It was agreed that upon the above facts, the only question presented to the court is whether the city of Bangor is liable for the jury fees and officer's fees in the cases tried.

*Jasper Hutchings,* (county attorney) for the petitioners, cited

Stats. 1841, c. 118, § 2.    1835, c. 168, § 1.    *N. H. & N. Co.* v. *North Hampton,* 102 Mass. 125, and cases there cited.

R. S., 1841, 1857, 1871, change the phraseology of the law in regard to costs in this class of cases, but make in reality no change in what constitutes legal taxable costs.   R. S., 1841, §§ 9, 19, 21. R. S., 1857, §§ 9, 13.   R. S., 1871, §§ 9, 13.

What costs are those to be equitably apportioned by § 9, if not the costs of the jury and attending officer ?  The land owners, in all these cases are the prevailing party.  *Abbott* v. *Penobscot County,* 52 Maine, 584.   *B. & P. R. R. Co.* v. *Chamberlain,* 60 Maine, 285.   *Goodwin* v. *B. & M. R. R.,* 63 Maine, 363.   R. S., c. 18, § 13.   The city of Bangor is the real party in interest here, and not the land owners.

*T. W. Vose,* (city solicitor) for the respondents.

PETERS, J.   We think the county should bear the expenses in question.  It is fairly a county bill.  The theory of our laws is that the county furnishes a tribunal for the trial of jury causes.  A town way when laid out is as much for the use of all the public as for the use of the town ; county and town roads are equally public roads. The only difference is in the manner of laying them out.  *Denham* v. *Co. Commissioners,* 108 Mass. 202.   It does not seem reasonable for towns to pay such burdensome expenses when all ordinary litigations however trifling or unnecessary may be carried on in our courts at the expense of the counties.   Railroads even are not now subjected to such a liability.   Appeals in railroad cases for land damages may be taken to the courts instead of before sheriffs' juries.   Laws 1873, c. 95.   Bangor, in this matter, stands as a town would in laying out a town way.  There is a doubt and uncertainty as to the meaning and application of the clause in the statute relied on by the county.   Such an unusual liability should not be construed as falling upon the towns and cities, unless the legislative intent to that end is expressed in clear and unmistakable terms.

*Petition denied.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.